UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JAMES EDWARD GEORGE, JR.,<br><br>    Plaintiff,<br><br>V.<br><br>RODNEY BALLARD, Warden, et al.,<br><br>    Defendants. | Civil Action No. 5: 16-482-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Inmate James Edward George, Jr., is confined at the Northpoint Training Center ("NTC") in Burgin, Kentucky. Proceeding without an attorney, George has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) [R. 3]. The Court has reviewed George's motion to proceed *in forma pauperis*, and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because George has been granted pauper status in this proceeding, the separate $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

**I**

In his complaint, George names twenty-six defendants, including Kentucky Department of Corrections ("KDOC") Commissioner Rodney Ballard, NTC Warden Don Bottom, and NTC Officers Chad Shearer, Jordan Ratliff, Stephen Boles, Dave Edwards, Chris Toelke, Webble, Phillips, Miller, Barnett, Barry Taylor, Shawn Goode, Michael Christian, Michael Long, Julie Thomas, Rector, Scott Gordon, Phillip Andrews, Bowen, Mudd, Jonathan Beasley, Ronnie Haynes, Merle Back, and Landon Leishner. Although George did not name Christopher Goode as a defendant at the outset of his complaint, he asserts a claim against Goode [R. 1 at 21] who will therefore be identified as a named defendant.

Surprising for its 22-page length, George's complaint is almost entirely devoid of details regarding the events which gave rise to his claims, couching each only in broad, conclusory terms. But his claims can be condensed into several discernible groups. George alleges that on various occasions during the Spring and Summer of 2016:

1. In his presence, several officers beat the prison walls with their fists, something he claims was done to harass him and to retaliate against him for filing inmate grievances;

2. Other nearby officers failed to prevent their fellow officers from engaging in this wall-pounding;

3. Several officers made false statements when responding to his informal grievances regarding this conduct;

4. One officer failed to prevent a mechanical or electrical unit located in the floor below his cell from vibrating and making noise at night;

5. Several officers conducted strip searches upon him without a court order or reason to believe he was hiding contraband;

6. Several officers filed false disciplinary reports against him, subjecting him to the possible loss of privileges and good time credits;

7. One officer rubbed his genitals during a pat-down search; and

8. A Deputy Warden restricted his visitation privileges after he filed grievances regarding the searches.

[R. 1] Across these eight categories, George asserts forty (40) discrete claims for relief. Attached to his complaint are 568 pages of inmate grievances he filed regarding these matters. [R. 1-1]

As a preliminary matter, not all of these disparate claims belong in a single complaint. The Federal Rules of Civil Procedure provide that:

(2) Persons … may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

> transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This rule applies with equal force to prisoner-plaintiffs, who therefore cannot join a defendant if the claims against him or her do not arise from the same event or course of events or which do not share common factual grounds or legal bases with the claims against the other defendants. *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010). Of course, once a defendant is properly joined as to one claim, the plaintiff may assert against that defendant "as many claims as it has against" him or her. Fed. R. Civ. P. 18(a); *Vermillion v. Levenhagen*, 604 F. App'x 508, 512 (7th Cir. 2015). Given the potential that Rule 18's broad rule of claim joinder could be used to overwhelm Rule 20's intended limitations on the joinder of defendants, the court is expressly vested with the discretion, on such terms as are just, to add or drop a party or to sever a particular claim to avoid undue delay, expense, confusion, or prejudice. Fed. R. Civ. P. 21. *Vermillion*, 604 F. App'x at 513.

The vast majority of George's allegations relate to his first category of claims, that several corrections officers allegedly beat the wall with their fists while staring at him. His second and third categories of claims, in which he complains that other officers did not prevent or stop this conduct while others made false statements in response to his inmate grievances about it, are closely related. The officers that George alleges engaged in this conduct are properly joined as defendants in one action because these claims are based upon a similar series of events and will share common factual and legal questions.

The same cannot be said with respect to George's other claims. In his fourth claim, George complains that a mechanical unit on the floor below his cell vibrated at night, depriving him of sleep on two occasions. [R. 1 at 11, 20] This claim is factually and legally

3

distinct from his claims regarding alleged harassment by other officers. It is also asserted only against defendant Dave Edwards, against whom George asserts no other claim. The Court will therefore order this claim severed from the complaint, and it will proceed as a new and second civil action.

Likewise, George's fifth, sixth, seventh, and eighth claims will be severed from his other claims because they are factually and legally unrelated to the core claims he asserts in his first three types of claims. In these claims, George complains that several strip and pat-down searches were not conducted properly, that on one occasion the officer touched his penis and buttocks inappropriately, and that a deputy warden retaliated against him for filing grievances regarding the searches by restricting his visitation privileges. Although George did not specify the subject matter of the incident reports about which he complains [R. 1 at 18-19, 21], each arose from his conduct in response to the pat down searches at issue. See [R. 1-1 at 129-212] Because these claims are unrelated to his "wall-thumping" claims but are at least somewhat related to one another, they will be severed from this case but joined in a new and third civil action.

## III

The Court must conduct a preliminary review of the remaining claims in George's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of George's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal

4

claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

First, while George has named KDOC Commissioner Rodney Ballard and NTC Warden Don Bottom as defendants, he makes no factual allegations about them. Instead, he states only that Ballard and Bottom are "legally responsible" for operations at NTC. [R. 1 at 2] But the mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability in a civil rights action, *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981), where a government employee is responsible only for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."). A plaintiff must therefore "allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). George makes no such allegations against Ballard or Bottom, and the claims against them will therefore be dismissed with prejudice.

George's first category of claims alleges that between April 12, 2016 and July 18, 2016, ten different prison officers[1] beat their fists on the wall while standing nearby him. George claims that this conduct violated his Eighth Amendment right to be free from harassment and his First Amendment right to be free from retaliation for filing inmate grievances, and seeks damages for causing him stress. [R. 1 at 10-15, 21] George's second, related category of claims alleges that between May 26, 2016 and July 18, 2016, five

---

[1] These include Jordan Ratliff, Stephen Boles, Chris Toelke, Webble, Phillips, Miller, Barnett, Chad Shearer, Barry Taylor, and Shawn Goode.

different prison officers[2] failed to prevent or stop other prison officers from beating their fists on the wall from an adjoining room. George contends that this conduct violates his First and Eighth Amendment rights for the same reasons stated above, and again seeks damages for the stress it caused him. [R. 1 at 15-16, 19]

Having thoroughly reviewed George's complaint and the voluminous attachments to it, the Court must dismiss these two types of claims because the conduct about which the plaintiff complains fails to state a viable claim for relief under either the Eighth or the First Amendment.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment," but it does not require or guarantee a comfortable or stress-free prison environment. Accordingly, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F. 3d 950, 954 (6th Cir. 1987). It has long been established that a prison guard's verbal abuse or general harassment of an inmate does not violate the Eighth Amendment. *Id.* at 955; *Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 545-46 (6th Cir. 2004) (holding that guard's conduct, including repeatedly banging and kicking inmate's door to allegedly harass him, failed to state an Eighth Amendment claim); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (holding that guard's threat to sexually assault inmate failed to state Eighth Amendment claim).

In addition, 42 U.S.C. § 1997e(e) precludes recovery where George makes no allegation that he suffered physical injury from this harassment, and instead seeks only compensation for "stress" he suffered as a result of it. Such forms of mental distress do not

---

[2] These include Michael Christian, Michael Long, Stephen Boles, Miller, and Bowen.

satisfy § 1997e(e)'s physical injury requirement.  Cf. *Ornelas v. Giurbino*, 358 F. Supp. 2d 955, 974 (S.D. Cal. 2005).  The conduct alleged by George, though unprofessional and inappropriate, fails to state a claim for violation of the Eighth Amendment, and these claims will be dismissed with prejudice.

George also claims that this conduct was undertaken in order to retaliate against him for filing inmate grievances, conduct protected by the First Amendment.  *Smith v. Campbell*, 250 F. 3d 1032, 1036 (6th Cir. 2011).  A viable claim of retaliation is shown where the plaintiff engaged in constitutionally-protected conduct, the defendant took adverse action against the plaintiff at least in part because of that conduct, and the responsive action was sufficiently adverse that it would deter a person of ordinary firmness from continuing to engage in the protected conduct.  *Thaddeus-X v. Blatter*, 175 F. 3d 378, 394 (6th Cir. 1999).  First, George's mere labeling of the guards' conduct as "retaliation" is plainly insufficient to satisfy Rule 8's minimal pleading requirement that the plaintiff sufficiently articulate the facts giving rise to his claim that the guards' conduct was substantially motivated by a desire to retaliate against him.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Second, the Court concludes that the guards' conduct in beating the walls was, as a matter of law, not sufficiently hostile, antagonistic, or severe as to deter a person of ordinary firmness from continuing to engage in the protected conduct.  "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise."  *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).  The "ordinary firmness" test is intended "to

weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

Concrete actions such as punishing the inmate with disciplinary infractions, segregation, loss of a prison job or transfer to a less desirable prison can have a sufficient deterrent effect upon the inmate to satisfy the "ordinary firmness" test. *Hill*, 630 F. 3d at 473; *King v. Zamiara*, 150 F. App'x 485, 494 (6th Cir. 2005); *Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000). But minor harassment and even casual threats of a non-severe nature, while unprofessional, fall far short of crossing the threshold into actionable retaliation. See *Dunbar v. Barone*, 487 F. App'x 721, 723-24 (3d Cir. 2012) ("... verbal threats and few gestures of racial harassment Dunbar allegedly encountered are not sufficiently adverse to support a retaliation claim."); *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009) (citing *Maclean v. Secor*, 876 F. Supp. 695, 699 (E.D. Pa. 1995)). The Court notes parenthetically that while the "ordinary firmness" test is an objective rather than a subjective one, it is plain that the defendants' alleged conduct did not deter George in the slightest bit from engaging in constitutionally-protected conduct: after the first "wall thumping" incident in April 2016, George filed over 500 pages of inmate grievances and appeals, arising from both this conduct and from several entirely unrelated matters, over the next five months. See [R. 1-1] For each of these reasons, the Court will dismiss George's retaliation claims.

The Court has also retained a third category of George's claims in this action, wherein he asserts that between April 12 and June 26, 2016, officers Mudd, Jonathan Beasley, Ronnie Haynes, and Merle Back "provided false information" in response to his informal grievances about the "wall thumping" activity, conduct he claims constitutes defamation under Kentucky law. [R. 1 at 11-14, 16] George made no effort in his complaint

8

to identify what information was stated in the grievance responses or to explain why it is false. But the Court has reviewed the informal responses about which George complains, and in each of them the responding officer merely states that camera footage failed to reveal any evidence that the officer in question was pounding the wall with his fists as alleged by George. [R. 1-1 at 2, 4, 9, 16, 21, 27, 34, 41, 48, 55, 62]

Under Kentucky law, defamation in written form constitutes libel. *Stringer v. Wal–Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004). To state a claim for defamation, the plaintiff must establish four elements: (1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation." *Biber v. Duplicator Sales & Serv. Inc.*, 155 S.W.3d 732, 736 (Ky. App. 2004). It is questionable whether the information contained in the grievance responses could be considered "defamatory" as it relays factual information about the officer, not George, and is not of the kind which "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ball v. E.W. Scripps Co.*, 801 S.W.2d 684, 688 (Ky. 1990). But George's libel claim also fails as a matter of law for two reasons. First, the statements were made *to George* in response to his informal grievances, and hence were not "published" - meaning transmitted to third parties - as required for them to have defamatory effect. See *Catron v. Jasper*, 198 S. W.2d 322, 325 (Ky. 1946) ("... slander does not lie for words spoken to the plaintiff privately and outside the hearing of third parties."). Second, the statements were made by the prison officers as part of their official duties in response to George's inmate grievances. Kentucky law therefore affords such statements a privilege because they were "made during the course and scope of one's employment where the communication is one in which the party has an interest and it is made to another having a corresponding interest." *Williams v. Seven Counties Serv., Inc.*, 2015 WL 2445509,

9

at *4 (Ky. Dec. 10, 2015); see also *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006). The Court will therefore dismiss George's defamation claims against these officers.

Accordingly, **IT IS ORDERED** that:

1. George's motion to proceed *in forma pauperis* [R. 3] is **GRANTED**.

2. Within twenty-eight days, George must pay **$8.57** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A). If he fails to do so, the Court will order him to show cause why this action should not be dismissed for failure to make timely payment.

3. The Clerk of the Court shall open an account in George's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) George's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which George is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

4. After the initial partial filing fee is paid, each month George's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997).

5. The Clerk of the Court shall add Christopher Goode as a defendant in this action.

6. George's claims against defendant Dave Edwards [R. 1 at 11, 20] are **SEVERED** from this action. The Clerk of the Court shall **OPEN** a new civil action filed by

George with Dave Edwards as the sole defendant, and shall **FILE** George's complaint [R. 1] as the initiating document in that action. Edwards shall be **TERMINATED** as a defendant in this action.

7. George's claims against defendants Rector, Michael Long, Scott Gordon, Phillip Andrews, Stephen Boles, Chris Toelke, Christopher Goode, Landon Leishner and Julie Thomas related to strip searches, pat down searches, disciplinary reports arising from such searches, and the restriction of his visitation privileges [R. 1 at 16-21], are **SEVERED** from this action. The Clerk of the Court shall **OPEN** a new civil action filed by George with each of these persons identified as defendants, and shall **FILE** George's complaint [R. 1] as the initiating document in that action. As these are the only claims George asserts in this action against defendants Rector, Scott Gordon, Phillip Andrews, Christopher Goode, Julie Thomas, and Landon Leishner, these persons shall be **TERMINATED** as defendants in this action.

8. George's claims against KDOC Commissioner Rodney Ballard and NTC Warden Don Bottom are **DISMISSED WITH PREJUDICE**.

9. George's claims against Northpoint Training Center officers Jordan Ratliff, Stephen Boles, Chris Toelke, Webble, Phillips, Miller, Barnett, Chad Shearer, Barry Taylor, Shawn Goode, Michael Christian, Michael Long, Bowen, Mudd, Jonathan Beasley, Ronnie Haynes, and Merle Back related to George's allegations that they beat the wall with their fists, did not prevent or stop other officers from doing so, or made false statements in response to his inmate grievances regarding this conduct [R. 1 at 10-16, 19-21] are **DISMISSED WITH PREJUDICE**.

10. The dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

11

11.   The Court will enter an appropriate judgment.

12.   This matter is **STRICKEN** from the active docket.

Dated January 9, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY